UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH COTTEN | § § | |
| v. | § § | Civil Action No. 6:15-cv-758-MHS |
| CITY OF TYLER, TEXAS, POLICE CHIEF GARY M. SWINDLE, ASSISTANT CHIEF STEVE SHARRON, OFFICER JASON SHIELDS, OFFICER AYASHA EDDINGS, OFFICER PAUL ROBESON, OFFICER WENDELL GARDNER, OFFICER DON MARTIN, ADELINE MEDINA, SIDALIA MICHELE LIRA, CITY ATTORNEY DEBORAH PULLUM, ASST. CITY ATTORNEY TERRANCE GARMON, ASST. CITY ATTORNEY DAVID CHILEK, and ASST. CITY ATTORNEY JEFFREY SANDERS | § § § § § § § § § § § § § § § | |

## AMENDED FINAL JUDGMENT

Defendants, the City of Tyler, Texas, Chief of Police Gary M. Swindle, Asst. Chief Steven Sharron, Officer Jason Shields, Officer Ayasha Eddings, Officer Paul Robeson, Officer Wendell Gardner, Officer Don Martin, Public Service Officer Sidalia Michele Lira, Data Management Specialist Adeline Medina, City Attorney Deborah Pullum, Assistant City Attorney Terrance Garmon, Assistant City Attorney David Chilek, and Assistant City Attorney Jeffrey Sanders (collectively, "Defendants") filed a motion to alter or amend final judgment (Doc. No.

41) ("Mot."). Plaintiff Joseph Cotten filed a response in opposition (Doc. No. 42) ("Resp.") and Defendants filed a reply (Doc. No. 43) ("Reply"). Having considered the motion, the applicable law, and the record in the case, the Court hereby **GRANTS** the motion.

On January 7, 2016, Defendant, City of Tyler, Texas, on behalf of itself and all other Defendants, made a Rule 68 Offer of Judgment to Plaintiff Cotten, entitled "Defendants' Offer of Judgment," which stated in full:

> Defendant, City of Tyler, Texas, on behalf of itself and all other Defendants in this action, offers to allow Plaintiff, Joseph Cotten, to take judgment against Defendant, City of Tyler, Texas, in the total amount of $15,000.00, as Plaintiff's full and final recovery for all claims alleged and for all monetary relief sought by Plaintiff in this action against any and all Defendants, including Plaintiff's request for "compensatory damages and/or exemplary damages," "reasonable and necessary attorneys' fees and expenses of litigation including expert fees," "prejudgment and postjudgment interest," court costs, and all other damages of any type sought by Plaintiff against any and all Defendants in this action. In exchange for such amount, Plaintiff will release all Defendants and all other current and former employees of Defendant, City of Tyler, Texas, from any and all liability in connection with the subject of this action, except for the amount of this offer.
>
> This offer is not an admission of liability by any Defendant, is not an admission that any act or omission of any Defendant has caused any damages to Plaintiff, and is not an admission that any Defendant has engaged in any improper or unlawful conduct with respect to Plaintiff. Defendants deny all allegations of Plaintiff in this action. The purpose of this offer is to compromise and settle disputed claims, and to avoid further expenses in this matter.
>
> Pursuant to Fed. R. Civ. P. 68, if Plaintiff rejects this offer and thereafter obtains a judgment against Defendants that is not more favorable to Plaintiff than the terms of this offer, Defendants will use Plaintiff's rejection of this offer to object to Plaintiff's claim for attorney's fees, expenses, and court costs arising after Plaintiff's rejection of this offer. A plaintiff who rejects an offer


> more favorable than what is thereafter recovered at trial cannot recover attorney's fees for services performed after the offer is rejected. 12 FEDERAL PRACTICE & PROCEDURE CIVIL § 3001 (2d ed.).

Defendants' Offer of Judgment (Doc. No. 39 Ex. A).

On January 19, 2016, this Court entered final judgment in the above-styled cause of action when Plaintiff accepted Defendants' Offer of Judgment under Federal Rule of Civil Procedure 68. *See* Doc. No. 40 ("Final Judgment"). However, the Court's original final judgment inadvertently "enter[ed] final judgment *against all Defendants* in this case," while the Offer of Judgment provides Plaintiff shall "take judgment *against Defendant, City of Tyler, Texas*, in total amount of $15,000.00 . . . . In exchange for such amount, Plaintiff will *release all Defendants* and all other current and former employees of Defendant, City of Tyler, Texas, from any and all liability in connection with the subject of this action, except for the amount of this offer." *Compare* Final Judgment (Doc. No. 40) at 1; Defendants' Offer of Judgment (Doc. No. 39 Ex. A) at 1 (emphasis added).

Plaintiff argues the Court does not have the discretion to refuse to enter the judgment pursuant to the terms of the Offer of Judgment in this case, and that a Rule 68 Offer of Judgment is ordinarily considered self-executing. *See* Resp. at 2–3. The Court agrees, and therefore must amend its final judgment to be consistent with the terms of the Offer of Judgment.

Having considered Defendants' Motion to Amend Final Judgment (Doc. No. 41), the applicable law, and the record in the case, the Court hereby **GRANTS** the motion and enters the following **AMENDED FINAL JUDGMENT**. This Amended Final Judgment supersedes the Final Judgment (Doc. No. 40) signed January 19, 2016.

Pursuant to the Offer of Judgment, the Court **ORDERS** that Defendant City of Tyler pay Joseph Cotten $15,000.00.

Plaintiff Cotten's claims against all other Defendants in this case are hereby **DISMISSED**.

All relief not previously granted is hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 9th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE